MICHAEL J. HEYMAN
United States Attorney


JORDYN CALDWELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: Jordyn.caldwell@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LAURA MCINDOE,<br><br>Defendant. | No. 3:26-po-0002-MMS |

**GOVERNMENT'S RESPONSE TO MOTION TO DISMISS**

The Defendant moves the Court to dismiss the violation pursuant to rule 12(b) of the Federal Rules of Criminal Procedure. The government opposes the motion to dismiss. The defendant has no basis to move for summary judgment in a criminal case. Additionally, there is probable cause to support the offense, and there is a factual dispute that requires resolution by the Court by hearing evidence.

**Relevant Facts**

The defendant is charged with a violation level offense. The defendant drove her

car down funny river road and parked at a gate which blocked vehicles from access. The defendant wanted to walk her dog off leash and presumably didn't want to do so on a road where vehicles were, so she drove and parked at the location in question. The area is overgrown and not passable for vehicles. A trapper was authorized to perform trapping one mile from the parking area. The trapper had met with authorities, and they had physically walked with him to the place he set his traps to ensure he was in compliance. The trapper also obtained the correct documentation and permits and although not required, posted a sign that alerted trail users to the existence of traps and that they should leash their dogs. The defendant continued to walk past that sign with her unleashed dog. After the dog became caught in a trap, the defendant destroyed the trap to remove the dog. The defendant was very upset with the trapper. She threatened the trapper and her sons arrived on scene. Shortly after that, the other trappers were destroyed and the trap the dog was caught in was missing. A trooper who encountered the defendant and her sons on their way back from the traps to the parking area saw the group had a feather (that was part of the trapper's trap) and the sign alerting to trapping with them. They claimed to have found it on the trail. The defendant claimed to have left the trap where she found it, but it was not located.

## Analysis

### Probable Cause

There is sufficient probable cause that the Defendant interfered with the authorized activity under two theories as evidenced in the affidavit filed by the trooper. First, the defendant interfered when she negligently continued on with her dog off leash past the sign

that alerted her to the trapping up ahead. The sign specifically told her to leash her dog. By failing to leash her dog, the defendant ended up with the dog in the trap. Second, the defendant tampered with the other traps. The defendant was obviously upset with the trapper and made threats toward him. She does not believe he should have been trapping in the area. The defendant was upset and emotional about her dog being trapped in what she viewed to be unauthorized traps. Thus, she was at least negligent in her actions. *See United States v. Best,* No. 5:11-CR-00414 HRL, 2012 WL 3027544, at \*5 (N.D. Cal. July 24, 2012) which concluded a similar offense carried a negligence mental state. "The court further concludes that the *mens rea* applicable to § 26.21(a), at least when pursued under the § 668dd(f)(2), is simple negligence such that the Government must prove "an act which the actor as a reasonable man should recognize as involving an unreasonable risk of causing an invasion of an interest of another.""

To determine whether an officer had probable cause to make an arrest, a court must examine the events leading up to the arrest, and then decide "whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to" probable cause. *Ornelas v. United States,* 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911. Because probable cause "deals with probabilities and depends on the totality of the circumstances," 540 U.S., at 371, 124 S.Ct. 795, it is "a fluid concept" that is "not readily, or even usefully, reduced to a neat set of legal rules," *Illinois v. Gates,* 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). It "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Id.,* at 243–

244, n. 13, 103 S.Ct. 2317 (1983). Probable cause "is not a high bar." *Kaley v. United States,* 571 U.S. ——, ——, 134 S.Ct. 1090, 1103, 188 L.Ed.2d 46 (2014).

Here, the government has met the low bar that there was a substantial chance that Ms. McIndoe was negligent in her interference with the traps. Her actions, based on the circumstantial evidence, resulted in three traps being disabled. Those traps were authorized by troopers to be operated.

**Summary Judgment**

The defendant essentially moves for summary judgment of a criminal violation level offense. The defendant argues the Court should dismiss because the trapper was not performing an authorized activity. Specifically, the defendant argues that the trapper was on a road and not one mile outside of a road as required by the trapping laws.

But a factual dispute about whether or not this is an authorized activity has arose in this case. The defendant seeks to argue via the briefings for a dismissal based on this factual dispute. The defendant has no basis under the law to ask for summary judgment in this criminal level violation offense.

Summary judgement is a civil procedure tool under Federal Rules of Civil Procedure 56, which is used to resolve a case before trial when there is no genuine dispute of material fact. That same remedy is not available in criminal cases, "[t]here is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence." United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992).The closest procedurally similar remedy in criminal law is a rule

29 motion, which would dismiss a case for insufficient evidence after the prosecution rests their case. But that remedy is premature currently as there has been no evidence presented.

Even if the Court found the defendant did have a basis to argue for summary judgment, the Court should find the trapping was authorized. Here, troopers specially walked with the trapper to his desired trapping location to place the traps and ensure compliance. The trapper filed the correct paperwork indicating where he would be trapping at. The trail is severely overgrown and it's not reasonable for a vehicle to drive down the trail as exhibited by the photographs taken in this case. The question here is, was this activity in question, trapping at this specific location, authorized? Here the entity responsible for determining that, the troopers, authorized the activity. Thus, the Court should conclude that the trapper was performing an authorized activity.

U.S. v. Mcindoe
3:26-po-0002-MMS

RESPECTFULLY SUBMITTED June 22, 2026 at Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney


/s Jordyn Caldwell
JORDYN CALDWELL
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2026 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s Jordyn Caldwell