# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

LAURA MCINDOE,

        Defendant.

Case No. 3:26-po-00002-MMS

**ORDER DENYING MOTION FOR BILL OF PARTICULARS [11]**

Before the Court is Defendant's Motion for a Bill of Particulars.[1]  Defendant is charged with a petty violation under 6 U.S.C. § 668dd; 50 C.F.R. § 27.84 for interference with person(s) engaged in authorized activities.[2]  Defendant requests a bill of particulars on the following: (1) the person(s) with whom Defendant is alleged to have interfered; (2) the authorized activities of such person(s) at that time; and (3) the specific actions that Defendant is alleged to have taken that constituted interference.[3]

The government responded in opposition.[4]  First, it proffered that the applicable criminal rule may not be applicable to petty offenses, as it refers to indictments and informations.  Second, it argued that the voluminous discovery eliminated the need for a bill of particulars.

---

[1] Dkt. 11.
[2] Dkt. 1-1.
[3] Dkt. 11 at 4–5.
[4] Dkt. 13.

Rule 7(f) of the Federal Rules of Criminal Procedure grants federal courts the ability to order the government to provide a bill of particulars "as justice requires."[5] This is applicable to indictments and informations by the title of the rule, but the Court will apply it to a petty offense violation.

> The bill of particulars has three functions: "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes."[6]

"It is [also] designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, [and] to aid in preparation and to protect against double jeopardy."[7] The decision whether to grant a motion for a bill of particulars is discretionary.[8] A bill of particulars may not be used to forecast the government's litigation strategy,[9] and comprehensive "discovery will obviate the need for a bill of particulars."[10]

Here, the violation notice was accompanied by a citation letter with details sufficient to address each of the three requested categories.[11] Further, as Defendant notes, "the Government has produced over 600 pages of discovery materials, including law

---

[5] Fed. R. Crim. P. 7(f).
[6] *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).
[7] *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).
[8] *Giese*, 597 F.2d at 1180.
[9] *Cooper v. United States*, 282 F.2d 527, 532 (9th Cir. 1960).
[10] *Long*, 706 F.2d at 1054.
[11] Dkt. 1 at 2.

enforcement body-worn camera video[.]"[12]  Accordingly, there is no need for a bill of particulars, and even if there were, the disclosures are sufficient to inform Defendant.

For the reasons stated above, **IT IS HEREBY ORDERED** that the Motion for a Bill of Particulars at Docket No. 11 is **DENIED**.

DATED this 26th day of June 2026, at Anchorage, Alaska.

_____
MATTHEW M. SCOBLE
U.S. MAGISTRATE JUDGE

---

[12] Dkt. 11 at 7.